IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Anthony Michael Williams, | ) | Case No. 9:23-cv-04663-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Chuck Wright, Sgt. Clayton, Lt. Bishop, | ) | |
| D. Walker, Deputy Longe, Sgt. Josh | ) | |
| Gillespie, S. Scalf, Kristin Washington, | ) | |
| K. Apples, Margrett, Nurse Sonya S. | ) | |
| Paz, Nurse Ivory, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Plaintiff's Complaint alleging violations of his constitutional rights.  ECF No. 11.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report").  On June 25, 2024, the Magistrate Judge issued a Report recommending that Defendants Chuck Wright, Lt. Bishop, Sgt. Josh Gillespie, and S. Scalf be dismissed and that Plaintiff's claims pursuant to the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteen Amendments, and any claims concerning a mind listener, personal property, and access to courts also be dismissed.  ECF No. 16.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so.  Since the Report was filed,

Plaintiff filed a motion for issuance of subpoena.[1] ECF No. 19.  The Magistrate Judge denied Plaintiff's motion for issuance of subpoena, and Plaintiff appealed that decision to the undersigned.  ECF Nos. 20, 25.

## APPLICABLE LAW AND ANALYSIS

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As noted above, the Magistrate Judge recommends partial dismissal of this action. As an initial matter, the Court finds that the Magistrate Judge provided a thorough recitation of the facts and applicable law and incorporates that discussion by reference.

---

[1] Plaintiff also submitted a letter, which was filed the same date that the Report was entered.  ECF No. 18.  In light of the filing date and upon review of the contents of the letter, the Court is of the opinion that it should not be viewed as responsive to the Report.

Plaintiff has not filed formal objections; however, he has filed documents since the Report was entered.

In Plaintiff's appeal of the Magistrate Judge's decision, he states that he "never asked for any subpoenas in this case only discovery." ECF No. 25 at 1. He then goes on to detail the information he requested to subpoena, including the names of all nurses working at the Spartanburg County Detention Center from 2021 through 2024. *Id.* Plaintiff goes on to say that he "would like to appeal the dismissal without prejudice that was filed on 7-25-24 . . . on a order[] ruling on report and recommendation for review of the merits . . . and for file motions for subpoena . . . as moot." *Id.* at 2. Plaintiff also seems to be confused by the correspondence from the Court in his various cases. Liberally construed, the Court will consider this document as an appeal of the Magistrate Judge's ruling on the motion for issuance of subpoena and as objections.

Turning first to the objections, Plaintiff requests that this action be reviewed on the merits. The Court believes that this should not be considered a specific objection to the Report. However, out of an abundance of caution for a pro se party, the Court has reviewed the Report, the record, and the applicable law de novo. Upon such review, the Court agrees with the recommendation of the Magistrate Judge.

Next, the Court will address Plaintiff's appeal of the Magistrate Judge's ruling on the motion for issuance of subpoena. In the motion, Plaintiff requested, inter alia, that the Court subpoena all of his grievances and "pull all the names of nurses employed here at the jail from 2021 to 2024 and deputys as well." ECF No. 19 at 1. The Magistrate Judge explained that "a subpoena is not the proper mechanism for obtaining discovery from an

existing party." ECF No. 20. She further explained that discovery had not yet begun in this case and, accordingly, Plaintiff's request was premature. *Id.* When a party objects to a Magistrate Judge's pretrial order, the "district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A). Under this clear error standard, the Court will reverse the Magistrate Judge's holdings only if it is "left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 337 (4th Cir. 2008) (quoting *In re Mosko*, 515 F.3d 319, 324 (4th Cir. 2008)) (internal quotation marks omitted). Upon review for clear error, the Court finds none and affirms the ruling of the Magistrate Judge with respect to Plaintiff's motion for issuance of subpoena.

## CONCLUSION

Accordingly, upon de novo review of the record, the Report, and the applicable law, the Court adopts the recommendation of the Magistrate Judge. Defendants Chuck Wright, Lt. Bishop, Sgt. Josh Gillespie, and S. Scalf are **DISMISSED** without prejudice. Plaintiff's claims pursuant to the Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, and Thirteen Amendments, and any claims concerning a mind listener, personal property, and access to courts are also **DISMISSED** without prejudice. The Magistrate Judge's decision denying the motion for issuance of subpoena is **AFFIRMED**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

October 8, 2024

4

Spartanburg, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4

of the Federal Rules of Appellate Procedure.