IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| John Anthony Michael Williams, | ) | Case No. 9:23-cv04663-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. Clayton, D. Walker, Deputy Longe, | ) | |
| Kristin Washington, K. Apples, Margrett, | ) | |
| Nurse Sonya S. Paz, Nurse Ivery, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Magistrate Judge's Reports and Recommendations ("Report"). ECF Nos. 63, 64. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On January 17, 2025, Defendants K. Apples, Sgt. Clayton, Nurse Sonya S. Paz, Nurse Ivery, D. Walker, Deputy Longe, and Kristin Washington ("the Moving Defendants") filed a motion for summary judgment. ECF No. 48. Plaintiff filed a response in opposition, the Moving Defendants filed a reply, and Plaintiff filed a sur-reply. ECF Nos. 58, 59, 60. On June 12, 2025, the Magistrate Judge issued two Reports. In the first Report, the Magistrate Judge recommends dismissal of Defendant Margrett for failure to serve under Federal Rule of Civil Procedure 4(m). On the same day, the Magistrate Judge issued a second Report recommending that the Moving Defendants' motion for summary judgment be granted. In both Reports, the Magistrate Judge advised

Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences for failing to do so. Plaintiff filed objections to the Report, and the Moving Defendants filed a reply. ECF Nos. 66, 67.

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

In the first Report, the Magistrate Judge recommends dismissal of Defendant Margrett for failure serve under Rule 4(m). ECF No. 63. In his objections, Plaintiff argues that she was served and that she still works at the Spartanburg County Detention Center. ECF No. 66 at 1, 3, 8. Because Plaintiff filed objections, the Court's review has been de novo.

2

With respect to Plaintiff's argument that Defendant Margrett was served, the docket shows that the summons, dated July 11, 2024, was returned unexecuted. ECF Nos. 22, 27. As explained in more detail by the Magistrate Judge, she gave Plaintiff two opportunities to provide more information to assist in serving Defendant Margrett. ECF No. 63 at 1–2 (citing ECF Nos. 33, 61). Plaintiff has not provided any additional information.

To the extent Plaintiff's statement that Defendant Margrett still works at the Spartanburg County Detention Center should be liberally construed as an allegation that the United States Marshals Service has not sufficiently attempted to effectuate service, that objection is overruled. There is no support for any such assertion. The U.S. Marshal checked the box indicating that he was unable to locate Defendant Margrett. ECF Nos. 22, 27. He further explained that he checked two prior job locations unsuccessfully. He also noted the lack of identifying information provided. Accordingly, as Plaintiff has failed to make proper service on Defendant Margrett, has not provided any additional service information, and has not demonstrated good cause for his failure to serve her, Defendant Margrett is dismissed without prejudice. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice . . . ."). *See also* Gardner v. Dial, No. 2:16-cv-03547-BHH-MGB, 2017 WL 9673666, at *2 (D.S.C. Oct. 20, 2017) ("However, the plaintiff must provide sufficient information to locate the defendant with 'reasonable effort.'").

Turning to the second Report, the Magistrate Judge determined that Plaintiff is bringing claims pursuant to 42 U.S.C. § 1983 for alleged violations of the First and Fourteenth Amendments. She further determined that the Moving Defendants are entitled to Eleventh Amendment immunity for claims for money damages brought against them in their official capacities; that the injunctive relief sought by Plaintiff is unavailable; that there is no genuine issue of material fact with respect to whether the Moving Defendants violated the Free Exercise clause of the First Amendment, were deliberately indifferent to his serious medical needs, violated his Fourteenth Amendment rights by sexually harassing him, violated his Fourteenth Amendment rights by providing unconstitutional conditions of confinement; and that the Moving Defendants are entitled to qualified immunity. ECF No. 64. Plaintiff objects. Therefore, the Court's review has been de novo. The Court incorporates the Magistrate Judge's factual recitation; however, as discussed in more detail below, there are issues with the Magistrate Judge's recitation of the applicable law as to some of Plaintiff's claims.

***Eleventh Amendment Immunity***

The Magistrate Judge determined that Defendants are entitled to Eleventh Amendment immunity for claims for money damages against them in their official capacities. The Court finds that the Magistrate Judge has stated the correct standard and incorporates her recitation of the applicable law. Upon review, the Court agrees that

Defendants are entitled to Eleventh Amendment immunity for claims for damages against them in their official capacities.[1]

***First Amendment Claims***

With respect to his Free Exercise claim, Plaintiff states that he has been denied the right to practice Islam by denying him Islamic materials, the opportunity to speak with an Imam, and Islamic services. ECF No. 66 at 3. He contends that he has been denied a Quran and that the chaplain, Defendant Apple, tried to force him to take a Bible. Plaintiff alleges that Defendant Clayton took his religious materials, his clothes, and his legal materials. ECF No. 66 at 6.

As explained in more detail by the Magistrate Judge, an inmate may establish a Free Exercise claim by demonstrating: first, that he holds a sincere religious belief and second, that his religious practice has been substantially burdened by a prison policy or practice. *Firewalker-Fields v. Lee*, 58 F.4th 104, 114 (4th Cir. 2023) (citing *Greenhill v. Clarke*, 944 F.3d 243, 253 (4th Cir. 2019)).[2] Only if that threshold showing is made will the court move to the next part of the test, where the prisoner must show that the practice or regulation is not "reasonably related to legitimate penological interests." *Firewalker-Fields*, 58 F.4th at 114 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). Here, the

---

[1] The Magistrate Judge further notes that Plaintiff's request for injunctive relief—that everyone be criminally prosecuted—is unavailable. Upon review, the Court agrees. *See Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973). Accordingly, summary judgment is granted as to Plaintiff's request for injunctive relief.

[2] As to Plaintiff's Free Exercise claim, the Court finds that the Magistrate Judge has stated the correct legal standard and incorporates her recitation of the applicable law.

Moving Defendants concede the first prong. Accordingly, the issue before the Court is whether Plaintiff's religious practice has been substantially burdened by a prison policy or practice and, then, whether the practice or policy is reasonably related to legitimate penological interests.

Upon review, the Court agrees with the Magistrate Judge that the only evidence before the Court supports the conclusion that Plaintiff was permitted to practice his religion. With respect to Defendant Apple, there is evidence that he gave Plaintiff the dates for Ramadan at least three times and put him on the list for appropriate meals.[3] ECF No. 48-2 at 11, 16, 23, 24. Defendant Apple averred that he provided Plaintiff with a King James Bible upon Plaintiff's request. *Id.* at ¶ 8, 12. There is no evidence that Plaintiff was pressured to read the Bible, change his behavior, or violate his religious beliefs.[4] *See Thomas v. Rev. Bd. of Indiana Emp. Sec. Div.*, 450 U.S. 707, 718 (1981). Further, there is evidence that any failure to provide the Quran was the result of supply shortages, Plaintiff had alternate ways to access a Quran, and the detention center did not prevent the Imam from leading services at the detention center. ECF No. 42-8 at 6–10, 20–21, 30. With respect to Defendant Clayton, he avers that he did not take Plaintiff's Islamic

---

[3] Plaintiff casts various aspersions on the affidavits of the Moving Defendants (ECF No. 66 at 3 (Apple), 5 (Longe), 6 (Clayton), 7 (Wright)) and whether Mr. Todd Flippin is their attorney. There is no evidence in support of these allegations and Mr. Flippin is listed as an attorney of record for the Moving Defendants.

[4] Plaintiff states that the jail refused to sign his "statement of facts." ECF No. 66 at 3. To the extent Plaintiff argues that he was not able to provide his own affidavit, the Court is unpersuaded by this argument. *See Gowen v. Winfield*, 130 F.4th 162, 175 (4th Cir. 2025); 28 U.S.C. § 1746.

6

books and Quran and that he left Plaintiff's religious materials, including his Quran, in Plaintiff's property bin. ECF No. 48-5 at ¶ 6. Under these circumstances, Plaintiff cannot establish that his religious practice was substantially burdened by Defendants Apple, Clayton, or any other Moving Defendant.[5]

***Fourteenth Amendment***

Turning to Plaintiff's Fourteenth Amendment claims, the Court notes that the Magistrate Judge's recitation of the applicable law is not always accurate. Plaintiff is a pretrial detainee and while the Magistrate Judge cites to *Short v. Hartman*, 87 F.4th 593 (4th Cir. 2023), she nevertheless consistently applies outdated law to Plaintiff's Fourteenth Amendment claims. Upon de novo review, and as explained in more detail below, the Court agrees with her conclusions that summary judgment should be granted as to these claims; however, the Court modifies her reasoning in an effort to follow the applicable precedent. Plaintiff brings claims for deliberate indifference to serious medical needs, conditions of confinement, and sexual harassment pursuant to the Fourteenth Amendment.

In the Report, the Magistrate Judge assumed for purposes of this motion that Plaintiff has a serious medical need but determined that he has not presented a genuine issue of material fact with respect to whether Defendants intentionally, knowingly, or

---

[5] Under the applicable law, the Court's analysis ends here. Out of an abundance of caution, the Magistrate Judge proceeded to an analysis of whether purported religious restrictions were unrelated to legitimate penological interest, and she determined that any restrictions were related to legitimate penological interests. The Court has reviewed this portion of the Report de novo and agrees with conclusions of the Magistrate Judge.

7

recklessly acted or failed to act to appropriately address the risk that the condition posed. In his objections, Plaintiff states that Defendants Washinton, Paz, and Margrett changes his medications, falsified medical records, "had the wrong medical records, and denied [him] medical." ECF No. 66 at 6. Plaintiff contends that Defendant Nurse Ivery gave him OxyContin and tried to kill him but only managed to kill his cellmate by giving him a pill laced with fentanyl. *Id.* at 7. He also alleges that his medical records have been released to Mr. Flippin in violation of the Health Insurance Portability and Accountability Act ("HIPAA").[6] *Id.* at 6.

The Court first turns to Plaintiff's deliberate indifference to serious medical needs claim. The undersigned briefly notes that the Magistrate Judge initially cites the proper legal standard. *See* ECF No. 64 at 16–17. However, in the analysis, the Magistrate Judge references a "subjective element." *Id.* at 18 (citing *Short*, 87 F.4th at 612). However, this portion of *Short* relates to an Eighth Amendment claim, not a Fourteenth Amendment claim. *Short*, 87 F.4th at 612 ("In other words, satisfying the Eighth Amendment test remains sufficient, but is no longer necessary, for a pretrial detainee to state a claim for deliberate indifference to a serious medical need. Because the facts alleged in the Complaint are sufficient to satisfy even the Eighth Amendment deliberate

---

[6] Plaintiff has not brought a claim pursuant to HIPAA and appears to raise this in his objections as an aside. The Court notes that the fact that his medical records have been produced to the Moving Defendants' counsel is not necessarily indicative of a breach of HIPAA requirements. *See Cook v. Wake Forest Univ. Baptist Med. Ctr.*, No. 1:20-CV-193, 2021 WL 620707, at *3 (M.D.N.C. Feb. 17, 2021) ("HIPAA regulations specifically authorize disclosure in judicial proceedings, including in response to discovery requests.") (citing 45 C.F.R § 164.512(e)(1)(ii)).

indifference test against Sergeant Morgan, we conclude that the district court erred in dismissing the Complaint for failure to state a claim, and reverse.")._[7]_

Nevertheless, the Court agrees with her ultimate conclusion that summary judgment is appropriate with respect to this claim. As explained in more detail by the Magistrate Judge, Plaintiff has been seen by medical and received corresponding treatment since July 12, 2021. ECF No. 48-3 at 4–9. The evidence before the Court demonstrates that Plaintiff has received ample medical care. While he contends that the evidence has been altered, Plaintiff has provided no evidence in support of this assertion. As noted by the Magistrate Judge, there is no indication that Defendant Washington changed Plaintiff's medications without a doctor's approval and or that Plaintiff received another inmate's medication. ECF No. 48-3 at 4–11. Essentially, there is no evidence available to create a genuine issue of material fact as to whether Defendants intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the

---

[7] The proper standard is as follows: to demonstrate an actionable constitutional violation for inadequate medical treatment, a plaintiff must show:

> (1) they had a medical condition or injury that posed a substantial risk of serious harm; (2) the defendant intentionally, knowingly, or recklessly acted or failed to act to appropriately address the risk that the condition posed; (3) the defendant knew or should have known (a) that the detainee had the condition and (b) that the defendant's action or inaction posed an unjustifiably high risk of harm; and (4) as a result, the detainee was harmed.

*Short*, 87 F.4th at 611. There is no subjective element.

condition posed or that Defendants' action or inaction posed an unjustifiably high risk of harm.  Accordingly, Defendants' motion for summary judgment is granted as to this claim.

With respect to Plaintiff's conditions of confinement claims, the Magistrate Judge also analyzed this claim under the Fourteenth Amendment.  However, while the Magistrate Judge cites to *Short*, 87 F.4th 593, in the deliberate indifference to serious medical needs portion of the Report, she applies the incorrect standard to Plaintiff's conditions of confinement claims.  *See* ECF No. 64 at 21.

Briefly, the applicable law is as follows: to establish that he has been subjected to cruel and unusual punishment, a prisoner must prove (1) that objectively the deprivation of a basic human need was sufficiently serious, and (2) that subjectively the prison officials acted with a "sufficiently culpable state of mind."  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (referencing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)). To be sufficiently serious, the deprivation must result in, or present a substantial risk of, a "serious or significant physical or emotional injury . . . ."  *Id.* (citation omitted).  A pretrial detainee need only show the objective component to establish a Fourteenth Amendment violation. *See Short*, 87 F.4th at 611. A detainee must show that the defendant was deliberately indifferent to a serious risk of harm, meaning that he or she acted or failed to act "in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Short*, 87 F.4th at 607.  "The detainee may satisfy this showing by alleging that the challenged action is not related to a legitimate non-punitive governmental purpose or is excessive in relation to that purpose." *Mallory v. Dorchester Cnty. Det. Ctr.*, No. 2:23-CV-01688-RMG-MGB, 2024 WL 2159789, at *7 (D.S.C. Apr. 24, 2024), *report*

10

*adopted,* 2024 WL 2155211 (D.S.C. May 14, 2024) (citing *Short*, 87 F.4th at 611). However, "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *See Prigg v. Baltimore Cnty. Dep't of Corr.*, No. 1:23-cv-48-DLB, 2024 WL 1012885, at *6 (D. Md. Mar. 8, 2024) (citing *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988)).

In his amended complaint, Plaintiff alleges that Defendant Longe took his mattress for 40 days based upon four separate incidents, that he was served cold food for 45 days, and that he was allowed out of his cell three days a week. ECF No. 11 at 9. In his objections, Plaintiff claims he has been denied a mattress and food and that these actions are unconstitutionally punitive. ECF No. 66 at 5. He further contends that Defendant Longe takes his clothes. *Id.* In his affidavit, Defendant Longe acknowledges that "Plaintiff has been placed in lockup on occasions during his incarceration and lost some of his privileges during those times pursuant to SCDF policy [however he has never been] deprived . . . of proper nutrition or rotations consistent with his SCDF housing classification." ECF No. 48-7.

In light of the evidence before the Court, summary judgment is appropriate. As noted by the Magistrate Judge, Plaintiff has provided no evidence of his claims. Defendant Longe avers that the restrictions placed upon Plaintiff were consistent with the detention center's policies[8] and that he was served nutritionally adequate food. In short,

---

[8] In the amended complaint, Plaintiff acknowledges that the mattress was taken "for disciplinary . . . ." ECF No. 11 at 9.

11

because there is no evidence of an intent to punish or that challenged action is not related to a legitimate non-punitive governmental purpose or is excessive in relation to that purpose, summary judgment is granted as to this claim.[9]

With respect to Plaintiff's sexual harassment claim, the Magistrate Judge reviewed that claim pursuant to the Fourteenth Amendment. She determined that Plaintiff's allegations did not rise to the level of a constitutional violation. In his objections, Plaintiff contends that Defendant Walker sexually harassed and "verbally sexually assaulted" him. ECF No. 66 at 3–4. He asserts that he reported these events and that Defendants violated prison policy by failing to contact him within 24 hours. He alleges J. Cox is covering up sexual harassment by failing to interview him.[10]

---

[9] To the extent Plaintiff alleges a claim that he has been denied access to courts, that claim fails. To succeed on a denial of court access claim, inmates are required to demonstrate an impediment to the pursuit of a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("It is for the courts to remedy past or imminent official interference with individual inmates' presentation of claims to the courts."). Further, an inmate must allege specific injury resulting from the alleged denial of court access. *See Lewis*, 518 U.S. at 349; *Strickler v. Waters*, 989 F.2d 1375, 1384 (4th Cir. 1993) (holding that a prisoner must "show specific harm or prejudice from the allegedly denied access"). Here, there is no indication that Plaintiff has suffered a specific injury.

[10] Plaintiff further contends that J. Cox has covered up other events related to other inmates. J. Cox is not a Defendant in this action. J. Cox did provide an affidavit (ECF No. 48-4). Plaintiff questions the validity of this affidavit but does not provide any support for these arguments beyond his own conjecture. *See* ECF No. 66 at 4. The Court further notes that Plaintiff may not bring claims on behalf of others. *Braun on behalf of C.B. v. North Carolina*, No. 3:23-MC-7-RJC, 2023 WL 425399, at *2 (W.D.N.C. Jan. 26, 2023) ("The Fourth Circuit has rejected the right of individuals to litigate pro se on behalf of others, even with respect to a non-attorney parent's claims on behalf of their minor children in federal court.")) (citing *Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005)).

The Court agrees with the Magistrate Judge that Plaintiff is alleging two incidents of verbal harassment of a sexual nature without any accompanying physical contact or injury. *See* ECF No. 11 at 10. Courts have consistently held that sexual harassment, absent actual contact or touching, is insufficient to state a constitutional claim. *See* ECF No. 64 at 23 (collecting cases). *See also Mallory*, No. 2:23-CV-01688-RMG-MGB, 2024 WL 2159789, at *7, *report adopted,* 2024 WL 2155211 ("Here, the Complaint's cursory allegations regarding Defendants' 'verbal attacks' against Plaintiff and his temporary lack of access to "clean water and equal food portions" (Dkt. No. 1 at 14–15, 19–20) do not amount to a 'serious risk of harm' as required to show an actionable violation of Plaintiff's constitutional rights under § 1983."). Accordingly, Defendants' motion is granted as to Plaintiff's sexual harassment claim against Defendant Walker.

### *Qualified Immunity*

The Magistrate Judge recommends finding that Defendants are entitled to qualified immunity for claims for damages against them in their individual capacities. As the Court has found that Plaintiff failed to establish a genuine issue of material fact with respect to any constitutional violations, the Court agrees that Defendants are entitled to qualified immunity for claims for damages made against them in their individual capacities. *See Hope v. Pelzer*, 536 U.S. 730, 736 (2002).

### **CONCLUSION**

Accordingly, upon de novo review of the record, the Reports, and the applicable law, the Court agrees with in part and agrees with as modified in part the recommendations of the Magistrate Judge. Defendant Margrett is **DISMISSED** without

13

prejudice pursuant to Federal Rule of Civil Procedure 4(m).  The Moving Defendants' motion for summary judgment [48] is **GRANTED**.  This action is closed.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>United States District Judge

September 5, 2025
Spartanburg, South Carolina